

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

June 9, 2006

Myrna B. Tagayun
Robert S. Mandell
1199 Main Avenue, Suite 5
Clifton, NJ 07011
*Pro-se Plaintiff*s

Anthony J. LaRusso, Esq.
Faloni & La Russo
175 Fairfield Avenue, Suite 5A
West Caldwell, NJ 07006
*Attorney for Defendants David A. Faloni & Assocs.,*
*David A. Faloni, Sr. and David A. Faloni, Jr.*

Joan P. Depfer, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
New York, NY 10174-1299
*Attorney for Defendant Citibank, N.A.*

  Re: **Tagayun et al. v. Citibank, N.A. et al.**
     **Civil Action No. 05-4302 (WJM)**

Dear Litigants:

  This matter comes before the Court on Defendant Citibank, N.A.'s Rule 12(b)(6) motion to dismiss for claim preclusion, challenging Plaintiff Mandell's standing to bring suit, and seeking attorney's fees. Also before the Court is Defendants David A. Faloni & Assocs., David A. Faloni, Sr. and David A. Faloni, Jr.'s (jointly "Faloni") separate 12(b)(6) motion to dismiss for lack of subject matter jurisdiction; Faloni's motion also incorporates and asserts Citibank's 12(b)(6) brief in full. As described below, these motions will be converted into Rule 56 motions for summary

judgment. The motions are opposed and the Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motions are both **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs' Complaint is **DISMISSED IN ITS ENTIRETY** as to all Defendants.

**BACKGROUND**

Pro-se Plaintiffs Tagayun and Mandell are a married couple. In a letter dated August 8, 2004, Citibank's attorney, Faloni, advised Tagayun that it had been retained in reference to outstanding debts on Tagayun's Citibank account and that legal action may be forthcoming. In documents dated May 27, 2004 and September 8, 2004, Tagayun appointed Mandell with a limited durable power of attorney to deal with claims related to her Citibank account.[1]

In a complaint dated August 27, 2004, Citibank commenced, through its attorney Faloni, an action in the Superior Court of New Jersey for the unpaid debts due on Tagayun's Citibank account and seeking a total of $11,710.88 including amounts due, attorney's fees, interest and other costs. On behalf of Tagayun, and citing his authority under the limited durable powers of attorney, Mandell notified Faloni by letters dated August 30, 2004, September 7, 2004 and September 8, 2004 that Tagayun had previously demanded both proof substantiating the debt and that Citibank must cease attempting collection of the debt pursuant to the debt validation procedures outlined in the Fair Debt Collections Practices Act ("FDCPA");[2] Mandell further asserted that Faloni was violating the FDCPA by proceeding with their complaint. Mandell also referenced similar July 1, 2004 and July 4, 2004 notification demands made upon the GC Services collection agency in reference to the same matter. In her October 4, 2004 answer to the New Jersey complaint, Tagayun denied owing the debt and asserted as a defense that both Citibank and Faloni were in violation of the FDCPA. The New Jersey case was called for trial on January 14, 2005, Tagayun failed to appear, and default was entered against her. Tagayun moved to vacate default claiming she was ill on the day of trial; her February 11, 2005 certification in support of her motion outlined her defense that the New Jersey action was in violation of the FDCPA and that she intended to pursue the FDCPA violation. Default was vacated on February 25, 2005. On March 31, 2005, Citibank, through Faloni, moved for summary judgment and to enforce a prior settlement (Citibank contended that Tagayun agreed to default before the January 14, 2005 trial). On April 8, 2005, Tagayun filed a statement opposing the motion for summary judgment asserting, among others, her FDCPA arguments.

On April 11, 2005, the New Jersey case was called to trial for the second time, and for the second time, Tagayun failed to appear; default judgment was entered against Tagayun on the same day. On April 22, 2005, Tagayun moved to vacate this second default claiming she was unable to attend because she was the physician for seriously ill patients and that Mandell had previously solicited Faloni's agreement to the adjournment. Superior Court Judge Anthony J. Graziano heard

---

[1] Mandell represented Tagayun, including conducting lengthy correspondence and pleading, throughout the entire New Jersey, and the present, litigation.

[2] 15 U.S.C. §1692 et seq.

oral arguments on the motion to vacate on May 27, 2005, during which Tagayun again raised her FDCPA defenses. At arguments, Judge Graziano orally denied her motion to vacate; the Court is in receipt of Judge Graziano's January 5, 2006 written order denying Tagayun's motion and thereby allowing the default judgment to stand.

On April 25, 2005, Mandell and Tagayun entered into an "Affidavit of Joint Liability" by which Mandell assumed joint liability and responsibility for those of Tagayun's Citibank debts on which the Superior Court action was based; he also filed a UCC statement to the same effect. Tagayun and Mandell, as joint Plaintiffs, filed their Complaint with this Court on September 1, 2005 alleging that Defendants Citibank and Faloni violated the FDCPA by continuing collection efforts, including filing and maintaining their New Jersey action, after a proof of debt request was made. Plaintiffs seek $1,000,000 for Tagayun's unsubstantiated "loss of professional work time" and emotional trauma. Mandell, asserting surety status under the Joint Liability affidavit pleads in at risk capacity with Tagayun.

Defendant Citibank filed its 12(b)(6) motion to dismiss on October 3, 2005 claiming that the New Jersey Superior Court decision is res judicata upon this Court. Citibank's motion also asserts that Mandell lacks standing as a plaintiff in this matter in addition to seeking fees.

Defendant Faloni filed its motion to dismiss on October 27, 2005, both adopting and reasserting all of Citibank's arguments and also independently claiming lack of subject matter jurisdiction due to Plaintiffs' failure to meet the jurisdictional threshold.[3]

**DISCUSSION**

**I.      Standard for Summary Judgment Pursuant to Rule 56**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[3] Defendants also have submitted a joint motion to file supplemental certifications in support of their motion to dismiss. Plaintiffs have notified the Court that they do not object to this motion, and the submitted documents will be accepted by the Court.

## II.     Defendants' Motions to Dismiss are Converted to Motions for Summary Judgment

The rule in evaluating a motion to dismiss is that if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(b); *accord Rose v. Bartle*, 871 F.2d 331, 340-42 (3d Cir. 1989). The Third Circuit has cautioned that express notice should generally be given before the Court converts a motion to dismiss into one for summary judgment. *See, e.g. In re Rockefeller Ctr. Prop., Inc. Secs Litig.*, 184 F.3d 280, 288 (3d Cir. 1999). However when the parties are on sufficient notice of potential conversion and the opposing party is not prejudiced by such conversion, such express notice by the Court is not necessary. *See Carver v. Plyer*, 115 Fed. Appx. 532, 536-37 (3d Cir. 2004); *Hilferty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996). The Court also recognizes the long-standing practice of construing *pro-se* litigants pleadings liberally, and gives Plaintiffs every benefit of the doubt in its considerations. *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

In the instant case, both Plaintiffs and Defendants have submitted substantial matters outside the pleadings including correspondence, credit card statements and other information related to the New Jersey Superior Court litigation. Moreover, Plaintiffs' opposition brief advises the Court that "this F.R.C.P. 12(b)(6) motion and Citibank's counsel's brief take up matters entirely outside our Complaint's pleading, and therefore must be treated as a motion for summary judgment under F.R.C.P. 56 . . . ." (Opp. Brief ¶ 4.) Accordingly, the Court will consider these motions as ones for summary judgment and dispose of them accordingly.

## III.    Faloni's Motion as to Jurisdiction Must be DENIED

Faloni's motion to dismiss, while repeating and adopting the arguments in Citibank's motion to dismiss, independently alleges that Plaintiffs' claims under the FDCPA fall below the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. 1332(a) and deprive this Court of subject matter jurisdiction. Faloni's argument is plainly misguided. The FDCPA specifically provides that "an action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction . . . ." 15 U.S.C. § 1692k(d). Therefore, the Court finds that Plaintiffs have correctly asserted grounds for subject matter jurisdiction and this portion of Faloni's motion will be **DENIED**.

## IV.     Defendants' Converted Motions as to Res Judicata are GRANTED

Defendants argue that Plaintiffs are precluded from bringing the claims in this suit under both *res judicata* principals and New Jersey's Entire Controversy Doctrine based on the default judgment in the New Jersey Superior Court. Both of these arguments can be addressed together. This court

is bound under the Full Faith and Credit Act[4] to give the New Jersey default judgment "the same preclusive effect . . . as another court of that State would give." *Rycoline Prods., Inc v. C & W Unlimited,* 109 F.3d 883, 887 (3d Cir. 1997). So the Court must look to New Jersey law to determine what preclusive effect the default judgment must have on this Court.

This District, in interpreting New Jersey law, has held that in order to give res judicata, or claim preclusion, to an earlier judgment:

> "1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one."

*Hulmes v. Honda Motor Co.*, 924 F.Supp. 673, 682 n.12 (D.N.J. 1996) (*citing Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 591 A.2d 592 (N.J. 1991).) Applying these criteria to the present case, the Court finds that the claims in this litigation are precluded as to Citibank.

*A.  The Judgment in the New Jersey State Action was Valid, Final and on the Merits*

Both Plaintiffs and Defendants presented evidence that a default judgment was entered by the New Jersey court against Tagayun on April 11, 2005.[5] (Pl's Opp. Br. at Ex. D; Def's Supp. Cert. at Ex. L.) Although Tagayun moved to vacate the default, her motion was denied. (Def's Supp Cert. at Exs. L, M; Transcript of May 27, 2005 N.J. Superior Court Hearing on Motion to Vacate Default Judgment ("May 25 Tr.") at 7:8-9.)

The rule in New Jersey is that a default judgment is a valid and final adjudication on the merits and therefore has res judicata effect barring future litigation. *See Evangel Baptist Church v. Chambers*, 233 A.2d 82, 84 (Ch. Div 1967)("A default judgment, properly entered, has [no] less binding effect upon possible future interests in land than a judgment entered in a contested matter."); *In re Miloszar*, 238 B.R. 266, 269 (D.N.J. 1999)("In New Jersey, a default judgment is a final judgment that bars further litigation of the issue.") Tagayun's New Jersey default judgment fulfills this first criteria.

*B.  Citibank, Tagayun and Faloni were Parties or Privies to the Prior Action*

It is undisputed that both Tagayun and Citibank were parties to the New Jersey litigation. Moreover, although Mandell and Faloni and were not actual parties to the New Jersey action, this

---

[4] 28 U.S.C. § 1738.

[5] Although Defendant Citibank's moving brief incorrectly dates the default judgment to April 4, 2005. (Citibank Br. at 2.)

Court finds that Mandell was in privity with Tagayun, and Faloni was in privity with Citibank, in the New Jersey action.

Privity "is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." *Collins et al. v. E.I. duPont de Nemours & Co.* 34 F.3d 172, 176 (3d Cir. 1994). Indeed, "the Third Circuit has long recognized that privity is a legal conclusion; the privity inquiry should be flexible enough to acknowledge the realities of the parties' relationships." *Opdycke v. Stout*, No. Civ.A. 03-4880 MLC, 2005 WL 3263871 at *5 (D.N.J. Nov. 30, 2005). To this end, courts have outlined certain applicable categories in which parties in privity tend to commingle.

The first of these categories establishes privity when a non-party shares an identity or legal interest in the subject of the first litigation with a party to that litigation and whose interests would therefore be affected by judgment in the second litigation. Under New Jersey law, a succession of interest in a property or legal right establishes just such privity. *See L.L. Constantin v. R.P. Holding Corp.*, 153 A.2d 378, 381 (N.J. Ch. 1959) ("Privity within the view of the rule of Res judicata ordinarily means identity of interest, through succession to the same rights of property involved in the prior litigation."). *See also Collins*, 34 F.3d at 177.

In addition to successive interests, parties and non-parties whose relationship as to the earlier litigation are "close or significant" may also enjoy privity. *Opdycke,* 2005 WL 3263871 at *5. Such a relationship has sometimes been explained as one where the actual party can be said to have been either a "virtual representative" of the non-party or the non-party can be said to have truly controlled the litigation. *See, e.g. Collins*, 34 F.3d at 176.

### i. *Mandell is in Privity with Tagayun*

Mandell enjoys privity with Tagayun under both of the above categories. In addition to presenting the Court with the April 25, 2005 Affidavit of Joint Liability and other substantial evidence and pleadings showing that he is a joint successor in interest with Tagayun to the Citibank debt underlying both this and the New Jersey actions, Mandell clearly controlled the New Jersey litigation. Substantial evidence shows that he communicated with Tagayun's opponents, forged litigation strategy, and made essential determinations as to the course of the litigation; indeed, his communications in that action were often made in the plural referring to both he and Tagayun. These actions were in addition to his limited Power-of-Attorney in place at the time of the New Jersey litigation.   (Pl's Opp. Br. at Ex. C.)

### ii. *Faloni is in Privity with Citibank*

Plaintiffs' pleadings here strongly suggest that Citibank and Faloni were in privity as to purported violations of the FDCPA. Indeed, in addressing Citibank's inclusion as a party defendant to this federal action Plaintiffs explain that "we Plaintiffs assert that Citibank (South Dakota), N.A. [was] actively directing, controlling, and supporting the actions of [Faloni] in the underlying matter." (Opp. Br. at 8.) This statement comports with Tagayun's assertions, as defendant in the New Jersey

state litigation, that Citibank and Faloni were working in privity to deprive Tagayun of her rights. As early as her Answer in that action, Tagayun wrote that "[Citibank] and [Faloni] have commenced suit . . . in violation of the Federal Fair Debt Collection Practices Act." (Def's Supp. Cert. at Ex. B.) Furthermore, in examining pleadings and transcripts from the New Jersey suit, it is clear to this Court that Tagayun treated Citibank and Faloni as joint actors, interchangeably referring to one or both while arguing they mutually acted to violate her rights under the FDCPA by filing and persisting with the New Jersey collections suit. (Def's Supp. Cert. at Exs. F, J; May 25 Tr. at 5:1-6.)

Plaintiff's pleadings in both this action and the New Jersey lawsuit assert that Citibank and Faloni were absolutely intertwined, and that both jointly violated the FDCPA through the New Jersey debt collection action. Therefore, in opposing Tagayun's FDCPA defense (and compulsory counterclaim, if ever asserted) in the New Jersey action, Citibank was "virtually representing" Faloni's interests. Furthermore, Faloni, as attorney in that case, would have been intricately involved in any responses to Tagayun's FDCPA arguments, including responses that necessarily affected Faloni's interests. Such identity of interest demonstrates privity.

Finally, the principle underlying res judicata, that judicial fairness and equity demand a claim adjudicated between parties should not be brought again before a different court, compels that this Court deny Plaintiffs a second opportunity to assert against the same parties and their privies claims that were adjudicated to a full conclusion in the New Jersey court. *Collins*, 34 F.3d at 176-77; *Opdycke*, 2005 WL 3263871 at *5. Therefore the Court holds that Mandell and Tagayun, and Citibank and Faloni, enjoyed privity in the New Jersey litigation. To hold otherwise would be to ignore the flexibility of privity and the reality of the parties' relationships.

> C.  *The Claim in this Action Grew Out of the Same Transaction or Occurrence as the New Jersey State Claim*

It is well settled that "failure to comply with a compulsory counterclaim rule in [a] first proceeding falls within the preclusive effects of" res judicata. 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4414 at 342 (2002). New Jersey Civil Practice Rule 4:7-1 regarding mandatory and permissive counterclaims, requires that parties to an action must plead such claims as required under New Jersey's Entire Controversy Doctrine or "thereafter be precluded from bringing any action for such claim . . . ." N.J. R. Civ. P. 4:7-1. New Jersey Civil Practice Rule 4:30A explains that "non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . ." N.J. R. Civ. P. 4:30A. The Entire Controversy Doctrine has been described by the Third Circuit as "New Jersey's specific, and idiosyncratic, application of *res judicata* principles," and requires a party to assert in the same action "all affirmative claims that [it] might have against another party, including counterclaims" and defenses to avoid forfeiture of those claims. *Rycoline*, 109 F.3d at 885-86.

It is clear, both from the pleadings in this action, and Plaintiffs' pleadings and oral argument in the New Jersey action, that Tagayun (in privity with Mandell) was both aware of, and raised as defenses in the New Jersey action, the FDCPA violations complained of in the action at bar. (Def's

7

Supp. Cert. at Exs. B, F, J; May 25 Tr. at 1-6.)  Because Citibank (in privity with Faloni) was a party to the underlying action in which the FDCPA violations were raised as defenses and should have been raised as compulsory counterclaims, and because the default judgment in the New Jersey state action was valid, final and on the merits, res judicata precludes Plaintiffs from bringing this action against Defendants, and Defendants' converted motions for summary judgment must be **GRANTED**.

### V.     Citibank's Request for Attorney's Fees is DENIED

Citibank, and through adoption Faloni, also requests pursuant to 15 U.S.C. § 1692k(a)(3) that the Court grant it reasonable attorney's fees and costs "in defense of the meritless FDCPA claims advanced against it." (Citibank Br. at 7.)  The FDCPA provides that "on a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).  Absent such a showing by Defendants of Plaintiffs' bad faith and harassment, the Court should not award fees.  See, e.g., *Archer v. Beasley,* Civ. No. 90-2576 (CSF), 1991 WL 34889 at *3 (D.N.J. March 5, 1991).  Although Defendants have shown that Plaintiffs' Complaint as to them must fail, at no point have they put forth any evidence that Plaintiffs filed their Complaint in bad faith or with the purpose of harassment; and absent such evidence, the Court **DENIES** their request for attorney's fees and costs.

### CONCLUSION

For the reasons set forth above, Defendants' converted motions for summary judgment are **GRANTED IN PART** and **DENIED IN PART**, and Plaintiffs' Complaint is hereby **DISMISSED** in its entirety as to all Defendants.

                                                  s/ William J. Martini  
                                                  **William J. Martini, U.S.D.J.**

cc:     The Hon. Ronald J. Hedges, U.S.M.J.