

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

# LETTER OPINION

September 11, 2006

Myrna B. Tagayun
Robert S. Mandell
1199 Main Avenue, Suite 5
Clifton, NJ 07011
*Pro-se Plaintiff*s

Anthony J. LaRusso, Esq.
Faloni & La Russo
175 Fairfield Avenue, Suite 5A
West Caldwell, NJ 07006
*Attorney for Defendants David A. Faloni & Assocs.,*
*David A. Faloni, Sr. and David A. Faloni, Jr.*

Joan P. Depfer, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
New York, NY 10174-1299
*Attorney for Defendant Citibank, N.A.*

  Re: **Tagayun et al. v. Citibank, N.A. et al.**
     <u>**Civil Action No. 05-4302 (WJM)**</u>

Dear Litigants:

  This matter comes before the Court on *pro-se* Plaintiffs' July 10, 2006 motion for reconsideration of this Court's June 9, 2006 Letter Opinion and corresponding Order granting partial summary judgment in favor of Defendants and dismissing the Complaint in its entirety as to all Defendants. Defendants oppose the motion. The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiffs' motion is **DENIED**.

**BACKGROUND**

The background to this case was outlined extensively in this Court's June 9, 2006 Letter Opinion, and the Court declines to repeat it here. Fully cognizant of the increased burden presented by Plaintiffs' *pro-se* status,[1] the Court at that time determined that the Complaint was barred under *res judicata* principles and New Jersey's Entire Controversy Doctrine. Plaintiffs now ask the Court to reconsider the June 9, 2006 Order and allow them to reopen the case and reverse the Order.

**DISCUSSION**

    **A.**    **Plaintiffs' Motion for Reconsideration is Untimely**

A motion for reconsideration must be filed within 10 business days after entry of the order on the original motion. Fed. R. Civ. P. 59(e). ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.") *See also* D.N.J. L. Civ. R. 7.1(i). ("A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.") The Court's Order in this matter was issued on June 9, 2006; however Defendant's motion for reconsideration was only filed on July 10, 2006 nearly a month later and clearly outside of the period in which they could petition this Court for reconsideration. For this reason, Plaintiffs' motion for reconsideration must be **DENIED**.

    **B.**    **Plaintiffs' Motion for Reconsideration is without Merit**

Even if Plaintiffs' motion for reconsideration was timely, the Court would dismiss it on the merits. As this Court held recently, "a motion for reconsideration is an extraordinary remedy to be granted 'very sparingly.'" *In re Lord Abbott Mut. Funds Fee Litig.*, 417 F.Supp. 2d 624, 627 (D.N.J. 2005). It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)(internal citations omitted). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (internal citation omitted). In other words, a motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. D.N.J. L. Civ. R. 7.1(i). When a matter was considered by the Court, it was not "overlooked." *P. Schoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 352-53 (D.N.J. 2001). If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion. *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

Having carefully examined all of Plaintiffs' pleadings on this motion, the Court finds that

---

[1] In its considerations, the Court recognizes the long-standing practice of construing *pro-se* plaintiffs' pleadings liberally. *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

they cite no new evidence or changes of law in support of this motion. Although Plaintiffs assert that the Court's Order was in error, they submit no new evidence to support this argument; Plaintiffs merely reassert the same evidence and arguments they submitted on the underlying motions. Indeed, their support for reconsideration appears to consist almost entirely of a rehashing of those earlier arguments in an increasingly strident brief. Plaintiffs are assured that all of these matters were considered by the Court in arriving at its June 9, 2006 Letter Opinion and accompanying Order.

**CONCLUSION**

In summary, Plaintiffs' motion for reconsideration is both untimely and without merit. Therefore, this motion is **DENIED**.

An appropriate Order accompanies this Letter Opinion.

                                                 **s/William J. Martini**

                                                 **William J. Martini, U.S.D.J.**

cc:      The Hon. Ronald J. Hedges, U.S.M.J.